# EXHIBIT A

Filed
Superior Court of California,
Sacramento
03/28/2025
russelt
By _____, Deputy
25CV007503

Kirk J. Wolden, SBN 138902
Lance J. Curtis, SBN 194445
Jason D. Lazark, SBN 263714
CARTER WOLDEN CURTIS, LLP
1111 Exposition Boulevard, Suite 602
Sacramento, CA 95815
Telephone:    (916) 567-1111
Facsimile:    (916) 567-1112

Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | |
|---|---|
| JAMES ROBERT NAVARRE and GEORGIA NAVARRE, <br><br> Plaintiffs, <br><br> v. <br><br> NUTRABOLT, CELLUCOR, TKO HOLDINGS, INC., AMAZON.COM, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **STRICT PRODUCT LIABILITY** <br> 2. **NEGLIGENCE** <br> 3. **BREACH OF EXPRESS AND IMPLIED WARRANTIES** <br> 4. **LOSS OF CONSORTIUM** <br><br> (Damages Exceed $35,000) |

Plaintiff James Robert Navarre and his lawful wife Plaintiff Georgia Navarre, bring these causes of action against Defendants NUTRABOLT, CELLUCOR, TKO HOLDINGS, INC., AMAZON.COM, and DOES 1 through 50, inclusive and each of them.  Plaintiffs allege as follows:

<u>GENERAL ALLEGATIONS</u>

1. Plaintiff James Robert Navarre, (hereinafter "Plaintiff R. Navarre") at all times relevant herein, has been a resident of the State of California.

2. Plaintiff Georgia Navarre, at all times relevant herein, has been a resident of the State of California and the lawful wife of Plaintiff R. Navarre

3.    Plaintiffs are informed and believe, and thereupon allege, that Defendant Nutrabolt was, and now is, a Delaware corporation doing business in the State of California.

4.    Plaintiffs are informed and believe, and thereupon allege, that Defendant Cellucor was, and now is a Delaware corporation doing business in the State of California.

5.    Plaintiffs are informed and believe, and thereupon allege, that Defendant TKO Holdings Inc. was, and now is, a Delaware corporation doing business in the State of California.

6.    Plaintiffs are informed and believe, and thereupon allege, that Defendant Amazon, Inc. was, and now is, a Delaware corporation doing business in the State of California.

7.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE was, and is, strictly liable, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

8.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, named Defendants and DOES 1 through 50, inclusive, and each of them, were agents, servants, employees, successors in interest, alter-egos, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venture.

9.    Plaintiffs are informed and believe, and thereupon allege, that Defendants and each of them, including DOES 1 through 50, inclusive, designed, manufactured, tested, assembled, distributed, sold and/or placed into the stream of commerce, a pre-workout supplement known

CWC | CARTER WOLDEN CURTIS | INJURY LAW
1111 Exposition Blvd., STE. 602
Sacramento, CA 95815
Phone: 916-567-1111 | Fax: 916-567-1112

2

generally as C4, which Plaintiff R. Navarre ingested regularly and as advised by Defendants as a pre-workout supplement between approximately February 2015 and May 2023. ("Subject C4 Supplement").

10.    Plaintiff R. Navarre purchased the Subject C4 Supplement at various retail locations including Wal Mart and Target. He also purchased said C4 online through Defendant Amazon on numerous occasions. See Appendix A attached.

11.    Plaintiff R. Navarre is informed, believes and thereupon alleges that as a result of his afore-described ingestion of the Subject C4 Supplement, he began suffering physical illness and injury which culminated in him suffering from and being diagnosed with necrotic liver failure in or about June 2024, which condition necessitated him undergoing emergency liver transplant surgery to save his life. Plaintiff R. Navarre has and continues to suffer serious personal injuries as a result of his ingestion of the Subject C4 Supplement.

### FIRST CAUSE OF ACTION

#### (Strict Product Liability)

12.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

13.    Plaintiff R. Navarre is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, by and through their officers, directors, employees and/or managing agents, were the manufacturers, fabricators, designers, assemblers, testers, distributors, sellers, inspectors, marketers, warrantors, lessors, renters, suppliers, modifiers, providers and/or advertisers of the Subject C4 Supplement Plaintiff R. Navarre purchased and ingested, which contained design and/or manufacturing defects which resulted in said C4 failing to perform as safely as an ordinary consumer like he would have expected it to perform when used or misused in intended or reasonably foreseeable way. These defects, and every component ingredient and part thereof, was capable of causing, and in fact, did cause personal injuries to said Plaintiff.

14.    Defendants, and each of them, by and through their officers, directors, employees and/or managing agents, also failed to provide adequate warnings or instructions to consumers and users of the Subject C4 Supplement Plaintiff R. Navarre purchased and ingested, concerning the

significant dangers associated with said C4 including its ingredients and constituent parts, or to instruct consumers and users regarding the use of said C4 as a pre-workout supplement, and warned or failed to warn, and instructed or failed to instruct, anticipated users of said C4 products, concerning the risk of harm from ingesting C4.

15.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Subject C4 Supplement was defective when placed on the market by Defendants, and each of them, and was of such a nature that the defects would not be discovered in the normal course of inspection and operation by users thereof.  At all times relevant herein, the C4 ingested by Plaintiff R. Navarre was in substantially the same condition as it was when it was originally placed into the stream of commerce by Defendants, and each of them.

16.    The unreasonably dangerous nature of the defects as outlined above created a high probability that Defendants' C4 Product would be used or misused in the same manner as the Plaintiff R. Navarre resulting in the life and/or severe and permanent personal injuries he has and continues to suffer.  Defendants, and each of them, knew of this risk prior to production, marketing, and sale of the said C4 Product, yet, without regard to the safety of consumers like R. Navarre, and in conscious disregard of the harmful consequences, manufactured, distributed and sold said C4 Product which caused the injuries and damages sustained by Plaintiffs herein.

17.    As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was injured and hurt in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system, all of which said injuries have caused, and continue to cause him great physical, mental, and nervous pain and suffering.  Plaintiff R. Navarre is further informed and believes, and thereupon alleges that said injuries will result in permanent disability, all to his general damages in an amount which will be stated according to proof, pursuant to Code of Civil Procedure Section 425.10.

18.    As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff has been compelled to employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat him,

4

and did incur hospital, medical, professional, and incidental expenses. Plaintiff R. Navarre is further informed and believes, and thereupon alleges, that by reason of his injury, he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

19.    As a direct and proximate result of the defective nature of the Subject C4 Supplement, as well as the conduct of Defendants and each of them, Plaintiff R. Navarre was and is prevented from attending to his usual occupation, and he is informed and believes, and thereupon alleges, that he will be prevented from attending to his usual occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future; the exact amount of such losses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

WHEREFORE, Plaintiff R. Navarre prays for damages as set forth herein.

## SECOND CAUSE OF ACTION

### (Negligence)

20.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

21.    Plaintiff R. Navarre is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, were engaged in the business of designing, testing, developing, manufacturing, fabricating, assembling, distributing, warning, instructing, buying, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, supplying, modifying, and/or providing C4 Supplement including the Subject C4 Supplement purchased and ingested by Plaintiff R. Navarre.

22.    Plaintiff R. Navarre is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, had a duty to design, test, develop, manufacture, fabricate, assemble, distribute, warn, instruct, buy, sell, inspect, service, repair, market, warrant, lease, rent, supply, modify, and/or provide the Subject C4 Supplement, in a reasonable manner, and further, to provide warnings and/or instructions pertaining to said Supplement in a reasonable manner, and which Defendants knew, or in the exercise of reasonable care, should have known, the said C4 would

5

be used without inspection for defects in its parts, mechanisms, manufacture or design, and in reliance on its instructions and warnings.

23.    Plaintiff R. Navarre is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that the Subject C4 Product was not designed, tested, developed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, leased, supplied, modified, and/or provided in a reasonable manner, was not equipped with necessary safety features including warnings and instructions.

24.    Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, breached their duties by negligently, carelessly, and/or recklessly testing, developing, manufacturing, fabricating, assembling, distributing, warning, instructing, buying, selling, inspecting, servicing, repairing, marketing, warranting, leasing, supplying, renting, modifying and/or providing the Subject C4 Supplement, and each and every ingredient or constituent part thereof, in that the same was capable of causing and in fact did cause personal injuries to the consumer and/or user thereof while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer and user.

25.    As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was injured and hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injury to his nervous system, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental, and nervous pain and suffering. Said Plaintiff is further informed and believes, and thereupon alleges that said injuries will result in permanent disability, all to his general damages in an amount which will be stated according to proof, pursuant to Code of Civil Procedure Section 425.10.

26.    As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat him, and did incur hospital, medical, professional, and incidental expenses. Said

6

Plaintiff is further informed and believes, and thereupon alleges, that by reason of his injuries, he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

27.    As a direct and proximate result of the defective nature of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre has been prevented from attending to his usual occupation, and said Plaintiff is informed and believes, and thereupon alleges, that he will be prevented from attending to his usual occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future; the exact amount of such losses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

## THIRD CAUSE OF ACTION

### (Breach of Express and Implied Warranties)

28.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

29.    Plaintiff R. Navarre is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants, and each of them, expressly and/or impliedly warranted to said Plaintiff, and to that class of people who would normally be expected to use and/or operate the Subject C4 Supplement, and each and every ingredient and constituent part thereof, that the product was fit for the purpose for which it was to be used and was free from design and manufacturing defects to consumers and users thereof.

30.    As stated in detail above and re-alleged herein, the Subject C4 Supplement, and each and every ingredient and constituent part thereof, was not free from such defects, nor fit for the purpose for which it was to be used, and was in fact, defectively manufactured and designed and imminently dangerous to consumers, users and bystanders, including Plaintiff R. Navarre, and was capable of causing, and in fact did cause, severe injuries to the users and consumers thereof, while being used in a manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by consumers and users thereof.

CWC

CARTER
WOLDEN
CURTIS

INJURY LAW

1111 Exposition Blvd., STE. 602
Sacramento, CA 95815
Phone: 916-567-1111 | Fax: 916-567-1112

7

31. Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, Defendants, and each of them, breached the above-described express and/or implied warranties, in that the Subject C4 Supplement was not of merchantable quality and production, was not fit for the purpose for which it was to be used and was not free from design and manufacturing defects to consumers and users thereof.

32. As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was injured and hurt in his health, strength, and activity, sustaining injuries to his body, and shock and injury to his nervous system, all of which said injuries have caused, and continue to cause said Plaintiff great physical, mental, and nervous pain and suffering. This Plaintiff is further informed and believes, and thereupon alleges that said injuries will result in permanent disability, all to his general damages in an amount which will be stated according to proof, pursuant to Code of Civil Procedure Section 425.10.

33. As a direct and proximate result of the defective condition of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat him, and did incur hospital, medical, professional, and incidental expenses. This Plaintiff is further informed and believes, and thereupon alleges, that by reason of his injuries, he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

34. As a direct and proximate result of the defective nature of the Subject C4 Supplement, as well as the conduct of Defendants, and each of them, Plaintiff R. Navarre was and is prevented from attending to his usual occupation, and Plaintiff is informed and believes, and thereupon alleges, that he will be prevented from attending to his usual occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost earnings, past, present, and future; the exact amount of such losses will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

## FOURTH CAUSE OF ACTION

### (Loss of Consortium)

35.    Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

36.    Plaintiff Georgia Navarre has been married since 1995 and remains the lawful wife of Plaintiff James Robert Navarre.

37.    As a result of the wrongful conduct of Defendants, and each of them, and the harms and losses suffered by her husband R. Navarre as herein alleged, Plaintiff Georgia Navarre has and continues to suffer the loss of her husband's companionship, comfort, care, assistance, protection, affection, society, moral support, and loss of the enjoyment of sexual relations.

38.    As the direct and proximate result of the Defendants, and each of their, wrongful conduct, Plaintiff Georgia Navarre has and continues to suffer harms and losses compensable for her loss of consortium.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on the above causes of action as follows: On the First through Third Causes of Action, Plaintiff R. Navarre prays for damages against Defendants, and each of them:

1.    For general damages including, but not limited to, past and future pain, suffering and disfigurement, in an amount in excess of this Court's jurisdictional minimum, according to proof and in accordance with California Code of Civil Procedure, § 425.10;

2.    For economic damages including, but not limited to, past and future medical expenses in an amount to be determined according to proof, in accordance with California Code of Civil Procedure, § 425.10;

3.    For economic damages for past and future loss of earnings, and loss of earning capacity, in excess of this Court's jurisdictional minimum, according to proof and in accordance with California Code of Civil Procedure § 425.10;

On the Fourth Cause of Action for Loss of Consortium, Plaintiff Georgia Navarre prays for judgment against all defendants:

9

4.    For Loss of Consortium damages.

On all causes of action, Plaintiffs, and each of them, pray for judgment against Defendants, and each of them:

5.    For costs of suit incurred herein; and,

6.    For such other and further relief as the Court may deem just and proper.

Date: March 27, 2025

CARTER WOLDEN CURTIS, LLP

By: _____
LANCE J. CURTIS
Attorney for Plaintiffs

CWC | CARTER WOLDEN CURTIS | INJURY LAW

1111 Exposition Blvd, STE. 602
Sacramento, CA 95815
Phone: 916-567-1111 | Fax: 916-567-1112

10

**APPENDIX A**

# View order details

| | |
|---|---|
| Order date | May 23, 2023 |
| Order # | 112-0721680-0408257 |
| Order total | $19.99 (1 item) |

## Shipment details

## Shipped

**May 24, 2023**

 **C4 Sport Pre Workout Powder Watermelon - NSF Certified for Sport +**  $18.64

Qty: 1

Sold By: Amazon.com Services, Inc

## Payment information

**Payment method**

## Shipping address

James R Navarre

ROCKLIN, CA 95765-5594
United States



# View order details

| | |
|---|---|
| Order date | Mar 30, 2023 |
| Order # | 112-2430449-5062645 |
| Order total | $23.51 (1 item) |

## Shipment details

### Shipped
**Mar 31, 2023**



**C4 Sport Pre Workout Powder Watermelon - NSF Certified for Sport +**  $21.92

Qty: 1

Sold By: Amazon.com Services, Inc

## Payment information

**Payment method**
▬▬▬▬▬▬▬▬▬▬

## Shipping address

James R Navarre
▬▬▬▬▬▬▬▬▬▬
ROCKLIN, CA 95765-5594
United States

RECEIVED
CIVIL DROP BOX

2025 MAR 28 PM 2:54

GD330 COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY